**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CHRISTOPHER W. HOPKINS,

        Petitioner,                          Case Number: 2:09-CV-11198

v.                                         HON. LAWRENCE P. ZATKOFF

GREG MCQUIGGIN,

        Respondent.

        _____/

**<u>OPINION AND ORDER DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS</u>**

Petitioner Christopher W. Hopkins, a state inmate currently incarcerated at the Alger Correctional Facility in Munising, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction for second-degree murder. Also before the Court is Petitioner's Motion for Equitable Tolling. For the reasons set forth below, the Court denies the motion and dismisses the petition as untimely.

**I.**

Petitioner pleaded guilty in Wayne County Circuit Court to second-degree murder. In consideration of his guilty plea, the prosecutor dismissed charges of first-degree felony murder, unarmed robbery, and assault with intent to rob while armed. On February 3, 2004, Petitioner was sentenced to twenty-five to fifty years' imprisonment. Petitioner did not request appointment of appellate counsel until April 8, 2005. Because the time for filing a delayed application for leave to appeal in the Michigan Court of Appeals had already expired, counsel filed a motion for relief from judgment in the trial court. That motion was denied on February 22, 2007. *People v. Hopkins*, No.

03-10594-01 (Wayne County Circuit Court Feb. 22, 2007).  Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.  The court of appeals denied leave to appeal.  *People v. Hopkins*, No. 276899 (Mich. Ct. App. July 26, 2007).  Petitioner then filed an application for leave to appeal in the Michigan Supreme Court.  The Michigan Supreme Court also denied leave to appeal.  *People v. Hopkins*, No. 134856 (Mich. Dec. 28, 2007).

Petitioner filed the pending petition on March 31, 2009.

## II.

Petitioner has filed a Motion for Equitable Tolling in which he concedes that, absent equitable tolling of the limitations period, the petition is untimely.  Petitioner argues that the circumstances of his case warrant equitable tolling.

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired.  *Isham v. Randle*, 226 F.3d 69, 694–95 (6th Cir. 2000).  In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).  However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's judgment of sentence was entered on February 3, 2004.  Petitioner did not file a direct appeal of his conviction.  His conviction, therefore, became final on February 3, 2005, when the one-year limitations period for filing a delayed application for leave to

appeal in the Michigan Court of Appeals expired. *See Jagodka v. Lafler*, 148 Fed. Appx. 345, 346 (6th Cir. 2005); Mich. Ct. R. 7.205(F). The one-year limitations period applicable to habeas corpus petitions commenced on February 4, 2005, and continued to run, uninterrupted, until February 4, 2006.

Petitioner sought state collateral review of his conviction by filing a motion for relief from judgment in the trial court. However, Petitioner's motion for relief from judgment was not filed until November 1, 2006, approximately eight months after the limitations period already had expired. Accordingly, the petition is untimely.

Petitioner argues that he is entitled to equitable tolling of the limitations period because he was unaware he could file a direct appeal in state court or that he could request that an attorney be appointed to assist him with an appeal and because he "did not know that the court, prosecutor and trial counsel could violate the law." Petitioner's Motion at p. 4.

To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 594 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has identified the following five factors to be considered in determining whether a habeas corpus petitioner is entitled to equitable tolling: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). "These factors are not necessarily comprehensive and they are not all

relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner, however, has the burden of demonstrating that he is entitled to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

The Sixth Circuit Court of Appeals has held that 28 U.S.C. § 2244(d) provides prisoners with constructive knowledge of the limitations period applicable to habeas petitions. *Allen v. Bell*, 250 Fed. Appx. 713, 715–16 (6th Cir. 2007) (citing *Yukins*, 366 F.3d at 402). The Court of Appeals also has rejected the claim that a prisoner-petitioner's lack of actual knowledge of the limitations period based upon "'ignorance of the law is not sufficient to warrant equitable tolling.'" *Id.* (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *see also Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (holding that an inmate's lack of legal training or poor education do not justify equitable tolling of the limitations period). The fact that a petitioner was proceeding without a lawyer also does not warrant equitable tolling. *Moore v. Harry*, No. 08-CV-12098, 2008 WL 5159078, at *3 (E.D. Mich. Dec. 09, 2008) (citing *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001)). Moreover, even if the limitations period is tolled between the time Petitioner's conviction became final and when he filed his motion for relief from judgment, the petition is still untimely because collateral review concluded on December 28, 2007, and the petition was not filed until March 31, 2009. Additionally, Petitioner's unsupported allegation that the prosecutor, the court, and his attorney violated the law is insufficient to support a claim for equitable tolling.

### III.

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244 (d)(1)(A). Further, the Court

concludes that Petitioner has failed to establish that he is entitled to equitable tolling of the limitations period.

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Equitable Tolling is **DENIED** and the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 2244(d)(1)(A).

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 20, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 20, 2009.

s/Marie E. Verlinde
Case Manager
(810) 984-3290